**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Anthony S. Sawyer

    v.                                    Case No. 12-mc-008-LM

Purdue Pharmaceutical Corp.

    v.

Bjorn Lange


**O R D E R**

    Anthony Sawyer has sued P.F. Laboratories (misidentified in his complaint as Purdue Pharmaceutical Corporation, and referred to hereinafter as "Purdue"), for products liability, in the Middle District of Pennsylvania.  Before this court is a motion to quash Purdue's subpoena, filed by Federal Public Defender Bjorn Lange, who represented Sawyer in a criminal prosecution in this district.  Purdue served a subpoena on Attorney Lange because Sawyer's responses to several discovery requests indicated his inability to recall certain information Purdue asked for, but stated that the information Purdue sought was included in the Presentence Investigation Report ("PSR") prepared in the criminal case in which Attorney Lange had represented him.  For the reasons that follow, Attorney Lange's motion to quash is granted.

The subpoena at issue directed Attorney Lange to produce "All records in [his] possession regarding [his] office's representation of Anthony S. Sawyer, including but not limited to a copy of the Pre-Sentence Report for Anthony S. Sawyer . . . issued in 2010."  Attorney Lange moves to quash the subpoena, on grounds that it seeks the disclosure of materials protected by the attorney-client privilege and that Purdue has not made a sufficient showing of its entitlement to the PSR.  In its opposition to Attorney Lange's motion to quash, Purdue argues that it seeks only non-privileged material from Attorney Lange's files and that it is entitled to the PSR, by virtue of Sawyer's references to it in his responses to its discovery requests. The court begins with the PSR and then turns to the rest of the material covered by the subpoena.

In a case in which a criminal defendant in one case applied to the court for a copy of his PSR from a previous prosecution, the court began its analysis by noting that "[p]resentence reports and supervision records are presumptively confidential and are generally not subject to disclosure to third parties." United States v. Pike, No. 2:09-cr-00147-JCM-GWF, 2011 WL 43440117, at *2 (D. Nev. Sept. 14, 2011) (citing Fed. R. Crim. P. 32(e)).  As Pike makes clear, PSRs are kept confidential not to protect the defendants who are their subjects, but, rather,

2

"[c]ourts are reluctant to release these reports to third parties because of the possibility that it would have a chilling effect on the disclosure of information that is used in a PSR," id. (citing U.S. Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988)).  Accordingly, a defendant's acquiescence in, or request for, the disclosure of his PSR is not dispositive.  Instead, "[a] court . . . must only disclose a PSR when the defendant demonstrates a 'compelling, particularized need for disclosure.'"  Pike, 2011 WL 4344017, at *2 (quoting United States v. Gomez, 323 F.3d 1305, 1308 (11th Cir. 2003)). Finally, even when the party seeking a PSR demonstrates a compelling, particularized need for disclosure, "the district court should take care – usually by way of in camera review – to ensure that the disclosure is limited to 'those portions of the report which are directly relevant to the demonstrated need.'" Gomez, 323 F.3d at 1308 (quoting United States v. Corbitt, 879 F.2d 224, 239 (7th Cir. 1989); citing United States v. Huckaby, 43 F.3d 135, 138 (5th Cir. 1995)).

Based on the foregoing, the way forward here is clear.  To the extent Purdue's subpoena seeks direct production from Attorney Lange of Sawyer's entire PSR, the subpoena is quashed. But, on the other hand, given Sawyer's professed inability to recall some of the information to which Purdue is entitled,

there is a compelling need for some of the information contained
in the PSR.  Accordingly, Attorney Lange is directed to produce
a copy of the PSR to the court.  The court, in turn, will review
the PSR and disclose to Sawyer those parts of it that provide
information responsive to the discovery requests to which Sawyer
responded by directing Purdue to the PSR.

Turning to Purdue's request for records in Attorney Lange's
possession regarding his office's representation of Sawyer, the
court shares Attorney Lange's concern with the breadth of the
subpoena.  Notwithstanding Purdue's protestations to the
contrary, the subpoena can only be read as calling for the
production of everything in Attorney Lange's files, including
material covered by the attorney-client privilege.  Attorney
Lange, quite appropriately, wishes not to violate his
obligations under the rules of professional conduct.  Moreover,
while Purdue refers to various authorizations it has been given
by Sawyer, it does not appear to have attached copies of any
such authorizations to its objection to Attorney Lange's motion
to quash.  Thus, the court has no way of knowing what,
precisely, Sawyer has authorized.  Given the breadth of Purdue's
subpoena and its lack of specificity, Attorney Lange's well-
placed concerns about attorney-client privilege, and Purdue's
failure to produce any of the authorizations it claims to have

been given, Attorney Lange's motion to quash is granted as to
his office's records.  That said, there is nothing to prevent
Purdue from obtaining appropriate authorizations from Sawyer and
then using those releases to obtain material from Attorney
Lange.

For the reasons described above, Attorney Lange's motion to
quash, document no. 1, is granted, but, at the same time,
Attorney Lange is directed to submit a copy of Sawyer's PSR in
08-cr-96-01-PB to the court for in camera review and subsequent
disclosure by the court.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


March 16, 2012

cc:  Bjorn R. Lange, Esq.
     Laura Katz Smith