**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Anthony S. Sawyer</u>

    v.                                                                      Case No. 12-mc-008-LM

<u>Purdue Pharmaceutical Corp.</u>

    v.

<u>Bjorn Lange</u>


**<u>PSR DISCLOSURE & ORDER</u>**

    In an order dated March 16, 2012, the court directed Attorney Bjorn Lange to submit a copy of Anthony Sawyer's Presentence Investigation Report ("PSR") in 08-cr-96-01-PB for in camera review and disclosure to P.F. Laboratories ("Purdue"). Attorney Lange has submitted the PSR, and the court has reviewed it, with specific reference to the four interrogatories propounded by Purdue to which Sawyer responded by referring Purdue to his PSR. The court's review results in the following disclosures, keyed to the four interrogatories at issue.

    <u>Interrogatory No. 12</u>. This interrogatory requested information on Sawyer's residences. The PSR includes relatively little information on this topic. It lists a legal address of 424 Church Street, Rollinsford, NH, 03869, at the time the PSR was prepared. The PSR also indicates that Sawyer was born in Bangor, Maine, in 1959, and that he was raised in Belfast,

Maine, where he lived with his mother and brother.  The PSR includes no other information responsive to Interrogatory No. 12, other than passing reference to his incarceration in the New Hampshire State Prison in 1993.

<u>Interrogatory No. 14</u>.  This interrogatory requested information on Sawyer's education.  The section of the PSR titled "Education and Vocational Skills" provides, in full:

> Sawyer related that, while incarcerated in the New Hampshire State Prison in 1993, he enrolled in the educational program that was administered through New England College.  As a result of records received from the college indicating that they have no record of the defendant attending the school, the probation office has requested verification with the prison.  To date, this information has not yet been received.  However, records received from Plymouth (NH) State University revealed that the defendant completed 120 course hours in the Physical Education Program at the university between the Spring 1995 semester and the Fall 1997 semester, during which time he accumulated a 3.39 grade-point-average.  Records received from Belfast (ME) High School indicated that the defendant received his diploma in June 1977.

The PSR includes no other information responsive to Interrogatory No. 14.

<u>Interrogatory No. 15</u>.  This interrogatory requested information on Sawyer's employment.  The section of the PSR titled "Military/Employment Record" provides, in full:

> Records received from the General Services Administration revealed that the defendant served in the U.S. Marines Corps from August 4, 1977 to June 6, 1978, at which time he was discharged under less than honorable conditions.  According to the defendant, he

>requested the discharge after his repeated involvement in disputes with many members of his unit who were African American.
>
>The defendant provided the following employment information:
>
>>09/06 to 05/08: Records received from Scorpion's Bar and Grill, located in Durham, NH, indicated that the defendant was employed with the restaurant as a bouncer. According to the records, the defendant is considered a candidate for re-employment.
>>
>>06/06 to 09/07: The defendant related that he was employed as a bouncer with Club Galaxy, located in Old Orchard Beach, ME, during the summer months in 2006 and 2007. The probation office has requested verification, but this information has not yet been received.
>>
>>2004 to 06/08: The defendant reported that he was also a self-employed landscaper from 2004 until sometime near his arrest [for] the offense [for which the defendant is now being sentenced].

The PSR includes no other information responsive to Interrogatory No. 15.

Interrogatory No. 19. This interrogatory, although vaguely worded, appears to request information on criminal charges, if any, lodged against Sawyer for DUI or DWI. The PSR contains no information on any such charges.

## Conclusion

In accordance with its previous order in this case, the court has reviewed the PSR submitted to it by Attorney Lange.

Based on the interrogatories to which Sawyer responded by directing Purdue to his PSR, the court has disclosed all the relevant information from the PSR.  The remainder of the PSR shall remain confidential.  As for the information disclosed herein, Purdue shall forward to Sawyer a copy of this order.

    SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

March 20, 2012

cc:  Bjorn Lange, Esq.
     Lauren Katz Smith